# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0848V

|  |  |
|---|---|
| GLENN T. MCMAHON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: February 9, 2024 |

*Richard H. Moeller, Moore, Heffernan, et. al, Sioux City, IA,* for Petitioner.

*Traci R. Patton, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 13, 2020, Glenn T. McMahon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, or in the alternative a caused-in-fact or significant aggravation injury, after receiving the influenza vaccine on October 9, 2018, and the pneumococcal conjugate 13-valent vaccine on June 18, 2019. Petition at 1, ¶¶ 3-5, 7-9, 29-30. On October 19, 2023, I issued a decision awarding damages to Petitioner, based on the parties' stipulation. ECF No. 41.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,258.32 (representing $35,481.40 for attorney's fees, $2,776.92 for attorney's costs, and $20.00 for Petitioner's out-of-pocket costs). Petitioner's Motion for Attorneys' Fees and Costs, filed Oct. 20, 2023, ECF No. 43. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred $20.00 in out-of-pocket expenses. ECF No. 43-4. Respondent did not file a response thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of costs to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 43 at 2. And I note this case required a response to my order to show cause. *See* Order to Show Cause, issued Apr. 14, 2023, ECF No. 32; Petitioner's Response, filed June 1, 2023, ECF No. 33. Petitioner's counsel expended approximately 22.1 hours drafting the response. ECF No. 43-1 at 16-19. Although slightly greater than time often billed by other attorneys in the Program, given the comprehensive nature of the response, I find this amount of time to be reasonable. Additionally, the response was sufficient to warrant an informal settlement, albeit for a low amount - $2,500.00. *See* Judgment, entered Oct. 20, 2023, ECF No. 44.

## ATTORNEY AND PETITIONER COSTS

Regarding the amount of costs sought in this case, Petitioner has provided supporting documentation for all claimed costs, except for the $20.00 in cost for notarization requested by Petitioner. However, I will allow this reimbursement due to the reasonable amount requested and fact that Petitioner filed a clearly notarized affidavit in this case. Petitioner's counsel should ensure such documentation is provided in the future.

I note, however, that some of the attorney costs requested could have been avoided in this case, for example the large amount of copying and postage costs required by the paper filing of the petition and accompanying medical records (as opposed to electronic filing) and cost of overnighting the stipulation which saved only a few days of transit. Petitioner's counsel should endeavor to prevent such unnecessary costs in the future.

Finally, there is nothing in the record showing Exhibit 16 was properly filed in this case. Thus, I will not reimburse Petitioner for this cost, resulting in a decrease of **$43.09**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for

attorney's fees and costs. **Petitioner is awarded the total amount of $38,235.23[3] as follows:**

- **A lump sum of $38,215.23, representing reimbursement in the amount of $35,481.40 for attorney's fees and $2,733.83 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $20.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.